```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


TIFFANY L. DENSON,              :

     Plaintiff,                 :

vs.                             :
                                    CIVIL ACTION 04-0557-P-M
JO ANNE B. BARNHART,            :
Commissioner of
Social Security,                :

     Defendant.                 :
```

REPORT AND RECOMMENDATION

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*). The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was heard on June 27, 2005. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be reversed, that this action be remanded, and that judgment be entered in favor of Plaintiff Tiffany L. Denson and against Defendant Jo Anne B. Barnhart.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health

and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born December 28, 1973.  At the time of the most recent administrative hearing, Denson was twenty-eight years old, had completed a high school education (Doc. 10 Fact Sheet; Tr. 45), and had previous work experience as a cashier and security guard (Tr. 553).  In claiming benefits, Plaintiff alleges disability due to Crohns Disease (Doc. 10 Fact Sheet).

The Plaintiff filed applications for disability benefits and SSI on May 2, 1996 (Tr. 182-86, 350-53).[1]  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Denson "possessed the residual

---

[1] The Court notes that a history of this case is summarized in the ALJ's most recent decision (*see* Tr. 397-98).  Without recounting it again here, the Court notes that Plaintiff previously sought—and received—relief in this Court in that further administration action was taken.  *Denson v. Apfel*, No. 99-0895-RV-L (S.D. Ala. November 30, 2000) (Tr. 422-459).  This action is Plaintiff's second visit to federal court.

functional capacity to perform the physical demands of a reduced range of light work on a regular and sustained basis between February 1996 and September 1998" (Tr. 404; *see generally* Tr. 394-410).[2]  Plaintiff requested review of the hearing decision (Tr. 383-93) by the Appeals Council, but it was denied (Tr. 372-74).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Denson alleges that the ALJ did not properly consider the opinions of her treating physician (Doc. 10).  Defendant has responded to—and denies—this claim (Doc. 11).

In addressing Plaintiff's claim, the Court initially notes that this action was referred back to the Social Security Administration, in the prior action, for specific consideration of the opinions and conclusions of Denson's treating physician, Dr. Kania (Tr. 452-56).  In the recent determination, the ALJ stated that he "assigned great evidentiary weight to the multiple opinions expressed by Dr. Kania" in reaching his decision (Tr. 404).

In a letter submitted by Dr. Kania, the treating physician stated as follows:

---

[2]Though she originally sought an open-ended period of disability, Denson subsequently requested consideration of a closed period between February 1, 1996 through September 30, 1998 (*see* Tr. 502).

3

> Ms. Denson suffers from Crohns Disease, an incurable illness which waxes and wanes in intensity and symptoms. It is typical of Crohns to have more frequent bowel movement than the normal individual. Ms. Denson *would* have 1-6 bowel movement [sic] a day and *would* be indisposed for about 15 minutes at a time. Cramping will often accompany any loose bowel movement.

(Tr. 349) (emphasis added). The ALJ reported the substance of this letter but, in doing so, he changed the word *would* to *could* and emphasized it in his opinion (Tr. 405). At the hearing, the Vocational Expert (hereinafter *VE*) testified that having one to six bowel movements a day for fifteen minutes at a time "would preclude any competitive work activity if they were to occur on a sustained basis" (Tr. 578). This hypothetical was based on a residual functional capacity "of a reduced range of light and/or sedentary work . . . as described in Exhibit 6F" (Tr. 409, ¶ 5; Tr. 576-78; *cf.* Tr. 270).

   The ALJ, in his decision, however, after changing Dr. Kania's wording from *would* to *could*, discussed the treating physician's "**potential** symptomatic limitations" and found that those symptoms never materialized (Tr. 407) (emphasis in original). The Court finds that this conclusion by the ALJ is in direct conflict with his prior statement that he was giving

4

great evidentiary weight to Dr. Kania's opinions.  The treating physician very clearly stated that certain symptoms would occur; the ALJ changed the opinion and ignored the testimony of the VE which was relevant to that opinion.

The Court finds it disturbing that the ALJ changed Dr. Kania's statements and furthermore gives no explanation for doing so.  Such action cannot be found harmless.  This leaves the Court no alternative but to find that the ALJ's conclusions are not supported by substantial evidence.  Though it is unfortunate that the Plaintiff must endure the process—and the time delay associated with it—of having her claim examined once again by the Social Security Administration, it is the proper method for going forward with this action.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is recommended that the action be reversed and remanded to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a proper evaluation of the opinions and conclusions of Plaintiff's treating physician.

Furthermore, it is recommended that a final judgment be entered ordering remand in this action pursuant to sentence

four of 42 U.S.C. § 405(g).  *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).  For further procedures not inconsistent with this recommendation, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of

6

    the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 27th day of June, 2005.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE